IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTHONY F. BELMONTE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-552-L** |
| | § | |
| **EXAMINATION MANAGEMENT** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant Examination Management Services, Inc.'s Motion for

Summary Judgment, filed October 12, 2009; and (2) Plaintiff's Motion for Leave to File Second

Amended Complaint, filed November 13, 2009.  After reviewing the motions, responses, replies,

briefs, appendices, record, and applicable law, the court **grants** Defendant Examination

Management Services, Inc.'s Motion for Summary Judgment, and **denies as moot** Plaintiff's Motion

for Leave to File Second Amended Complaint.  Plaintiff will be afforded **fifteen days** from the date

of this order to file a new amended complaint to cure deficiencies as herein addressed.

## I.      Factual and Procedural Background

Plaintiff Anthony F. Belmonte ("Belmonte" or "Plaintiff") originally filed this action against

Defendant Examination Management Services, Inc. ("EMSI") in the United States District Court

for the Northern District of Illinois, Eastern Division, on May 31, 2005.  Plaintiff sought

compensation for benefits that he had allegedly been denied under an ERISA plan, creating a federal

question for the purposes of jurisdiction.  He filed his first amended complaint on April 18, 2006.

On February 16, 2007, the Illinois federal district judge transferred the case to this court, reasoning

that venue was proper here because the plan is administered in Dallas and the vast majority of witnesses and evidence resides in the Northern District of Texas. The court administratively closed this case on January 7, 2009, to permit the parties to conduct an administrative review of Plaintiff's file. The case was reinstated on June 22, 2009.

Plaintiff was an employee of EMSI until November 1997, when he retired. Following his retirement, Plaintiff sought benefits from EMSI under a Top Hat plan.[1] EMSI proceeded to make monthly payments of $1,000 to Plaintiff, beginning in August 1998, for a term of five years pursuant to the arrangement between them. The payments ceased in August 2003, five years later. Thereafter, on September 16, 2003, Plaintiff mailed a letter to EMSI through counsel, seeking to recover additional benefits under the plan. In response, EMSI notified Plaintiff by letter dated August 26, 2004, that his claim for additional benefits was denied and that he could appeal the denial within 180 days of his receipt of the letter. Plaintiff did not appeal.

EMSI moved for summary judgment on Plaintiff's claim on October 12, 2009. EMSI contends that Plaintiff failed to exhaust administrative remedies and cannot demonstrate that using the administrative process would be futile. Plaintiff argues that EMSI established no formalities with respect to appealing a claim under the plan and that his administrative remedies should be considered exhausted because he did not receive notice from EMSI within 60 days of his September 22, 2003 request for additional benefits. Plaintiff has additionally moved for leave to file his second amended complaint to add an alternative claim for ERISA-estoppel. EMSI opposes such amendment.

---

[1]This particular plan was registered with the United States Department of Labor on November 11, 2003. Def.'s App. 1 ¶ 4.

**Memorandum Opinion and Order – Page 2**

## II.    <u>Legal Standard – Motion for Summary Judgment</u>

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.  *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).  The party opposing summary

judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.    Analysis

### A.    ERISA Benefits

Belmonte brings his claim for benefits under the plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Exhaustion of administrative remedies is a prerequisite to an ERISA action in federal court. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009) (citing *Bourgeois v. Pension Plan for the Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000)). Here, EMSI contends that Belmonte has failed to exhaust his administrative remedies because he did not appeal the denial of his request for additional benefits within the 180-day period specified by EMSI's August 26, 2004 letter. EMSI further argues that the futility exception, *see id.* at 1018 n.1, does not apply to Belmonte because he has failed to introduce anything into the record indicating that EMSI would

not have properly considered Belmonte's arguments and evidence if he had submitted such within the 180-day period.

Belmonte responds that the exhaustion issue is moot because the court allowed for additional administrative review when the case was transferred and because, even if he did not exhaust his administrative remedies, the appropriate court action would be to dismiss the case *without* prejudice. He further contends that he *has* exhausted his administrative remedies because EMSI failed to timely notify him of its decision to deny additional benefits under the plan after receiving his September 16, 2003 letter, a violation of 29 C.F.R. § 2560.503-1(i)(1)(i) for failure to timely notify a claimant of a reviewed benefit determination.

With respect to Belmonte's argument that the exhaustion issue is moot, the court is unpersuaded. The court ordered administrative closure at Plaintiff's request, because he sought a 60-day period for the parties to conduct additional administrative review. There is no indication in the record that such review amounted to an exhaustion of administrative remedies; nor is there any indication that such review ever occurred. The joint status report in this case specifically contemplates the possibility that such review might not occur. *See* Joint Status Report, docket #69, at 2 ("If the claim is still denied after further administrative review, *or if no administrative review is permitted*, plaintiff anticipates filing an amended complaint . . . .") (emphasis added).

EMSI contends that Belmonte failed to exhaust his administrative remedies when he did not appeal the denial of additional benefits within the 180-day period allowed. Further administrative review did not change this. While the court acknowledges that there is a judicial preference for these cases to be resolved at the administrative level, allowing additional time for administrative review does not automatically exhaust Plaintiff's administrative remedies. Thus, the administrative

issue is not moot; nor does the court dismissing Plaintiff's claim without prejudice have any bearing on mooting a failure to exhaust administrative remedies.

With respect to Belmonte's argument that his administrative remedies should be deemed exhausted under the controlling regulations, EMSI replies that: (1) Belmonte has abandoned this argument because he did not raise it earlier, and (2) there is no legal or factual basis that supports his September 16, 2003 letter triggering the requirements of 29 C.F.R. § 2560.503. EMSI first states that the Northern District of Illinois already concluded that Belmonte failed to exhaust his administrative remedies when he did not respond to EMSI's August 26, 2004 letter containing instructions to appeal within 180 days if he did not agree with the decision to deny additional benefits. *See* February 16, 2007 Memorandum Opinion and Order, docket #59, at 3 ("[T]he original complaint . . . makes it clear that Belmonte was aware of his appeal rights and did not exercise them. . . . He did not do this and failed to pursue his administrative remedies . . . ."). The district judge therefore made a finding that Belmonte had not exhausted his administrative remedies, and EMSI contends that Belmonte abandoned his "deemed exhaustion" argument because he did not raise it in response to the judge's ruling. Although the court is mindful of EMSI's position, it declines to treat Belmonte as having abandoned his argument; Belmonte could request the court to reconsider the February 16, 2007 ruling in light of the controlling regulations. Accordingly, the court is unpersuaded by EMSI's abandonment argument.

The court finds sustenance, however, with EMSI's contention that no legal or factual basis exists to support Belmonte's September 16, 2003 letter as a trigger of the requirements of 29 C.F.R. § 2560.503. Belmonte argues that he was entitled to a notification of the benefit determination on review within 60 days after EMSI received the letter, pursuant to 29 C.F.R. § 2560.503(i)(1)(i). By

rule, a plan's failure to comply with such regulations shall result in the claimant being deemed to have exhausted the administrative remedies available.   29 C.F.R. § 2560.503(l).   Belmonte characterizes his letter as an "appeal" of EMSI's termination of payments under the plan, but nowhere in the letter does it describe itself as an appeal or as a request for a review of a benefits determination.

The September 16, 2003 letter sent to EMSI by Plaintiff's counsel states as follows:

> Dear Mr. Feeney:
>
> We represent Mr. Belmonte regarding his claim for continued retirement payments beyond July 2003.  Under his agreement with EMSI, Mr. Belmonte is entitled to receive continued $1,000 per month retirement payments for ten (10) additional years beyond July 2003.
>
> Due to his health, the company chose not to pay into the company's deferred compensation retirement plan on Mr. Belmonte's health, a discriminatory decision.   Consequently, the company alternatively agreed to pay him $1,000.00 per month for fifteen (15) years after his retirement date outside of the plan, comparable to the time period provided in the company's plan.
>
> Very truly yours,
> ESPOSITO & SCHRAMM
> Nicholas Esposito

Def.'s App. 10.  The text of the letter appears to describe Plaintiff's understanding of the terms of the plan.  There is no request for a review of a benefits determination, nor is there any indication that the letter serves as an "appeal" of EMSI's termination of payments.  The court reads the letter as a threat of legal action to be taken by Plaintiff, spurring from a disagreement over the terms of the plan.  The court does not conclude that the letter triggered 29 C.F.R. § 2560.503(i)(1)(i); the 60-day response period provided by the regulation did not start tolling as a result of Plaintiff's September 16, 2003 letter.

**Memorandum Opinion and Order – Page 7**

Belmonte's evidence does not address EMSI's contention that using the appeal process provided by EMSI's August 26, 2004 denial of additional benefits would have been futile. Accordingly, the court determines that Belmonte has made no showing of futility that would justify his failure to exhaust administrative remedies. As the Northern District of Illinois decided, this court agrees that there was an administrative remedy available. Belmonte was at liberty to appeal EMSI's denial of additional benefits within 180 days of his receipt of EMSI's August 26, 2004 letter. There is no indication in the record that the appeal determination would have been unfair or that EMSI would not have timely responded to such an appeal.

The court accordingly determines that no genuine issue of fact exists with respect to Belmonte's claim for ERISA benefits. The court determines that Belmonte failed to exhaust his administrative remedies because he did not timely file an appeal with the plan administrator after receiving such notice. EMSI is entitled to judgment as a matter of law.

### B.    Plaintiff's Motion for Leave to File Second Amended Complaint

Belmonte moves for leave to file a second amended complaint that principally adds a claim for ERISA-estoppel. In support, he asserts that the court has issued no scheduling order setting a deadline for the parties to amend pleadings and that Defendant was put on notice of an ERISA-estoppel claim on December 17, 2008, when the parties filed their joint status report. EMSI responds that allowing such amendment would be unduly prejudicial and that such amendment is dilatory and filed in bad faith—nothing more than an attempt to avoid summary judgment. EMSI further argues that the motion should be denied because the proposed amendment does not state a claim for relief, making such amendment futile.

With respect to EMSI's argument that allowing amendment would be unduly prejudicial and that such amendment is dilatory and filed in bad faith, the court is unpersuaded. The court has issued no deadline to amend pleadings, and Plaintiff's motion is consistent with the status report he filed prior to the court's administrative closure of this case. The record does not establish any bad faith or dilatory action on the part of Plaintiff, and the court accordingly rejects EMSI's contention.

The court now considers EMSI's argument as to the futility of amendment. Futility of amendment in the context of a request to amend a complaint means whether "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). In making this determination, a court must use the same standard of legal sufficiency that applies under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* (citations omitted).

To establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances. *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005). EMSI contends that Belmonte has not alleged sufficient facts to support these elements. While a complaint need not contain detailed factual allegations to escape dismissal under Rule 12(b)(6), it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Here, the court is not convinced that Belmonte has even set forth mere labels or conclusions as to his ERISA-estoppel claim, let alone the requisite factual allegations for one. Although Belmonte has not used the phrase "material misrepresentation" in his amended pleading, the court draws a reasonable inference that Belmonte alleges that EMSI made certain representations to him that were

untrue; however, Belmonte has not set forth sufficient facts to demonstrate his detrimental reliance upon such representations.   In any event, Belmonte makes no attempt to explain why the circumstances surrounding his denial of plan benefits were "extraordinary."  A court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court determines that Belmonte's second amended complaint, as pleaded, fails to state a claim upon which relief can be granted.

EMSI also argues that Belmonte's proposed amendment is futile because adding an ERISA-estoppel claim violates the statute of limitations and the doctrine of laches.  With respect to the statute of limitations, Rule 15(c) of the Federal Rules of Civil Procedure allows an amendment to a complaint to relate back to the date of the original complaint if the claim asserted in the amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).  Here, it is clear to the court that the conduct forming the basis of Belmonte's ERISA-estoppel claim is the same conduct at the center of his original complaint.  The statute of limitations does not apply.

For the doctrine of laches to apply, EMSI must satisfy its elements by showing: (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant.  *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 344 (5th Cir. 2005) (citations and quotations omitted).  Although EMSI is able to show that Belmonte delayed in asserting his ERISA-estoppel claim, the court is unpersuaded that EMSI has shown that the delay was inexcusable or that undue prejudice resulted.  Accordingly, the doctrine of laches does not apply.

With respect to amendment, the court is mindful that this is Plaintiff's first motion to amend since the court received this case. Plaintiff's proposed amendment is currently deficient with respect to his ERISA-estoppel claim because he has not alleged sufficient facts to support the claim; his claim, in its current form, cannot survive the standard of dismissal under Rule 12(b)(6). In the interest of justice, however, the court will allow Plaintiff an opportunity to file an amended complaint within **fifteen days** to flesh out his ERISA-estoppel allegations and eliminate his original claim for ERISA benefits, consistent with the court's memorandum opinion and order.

## IV.   Conclusion

For the reasons stated herein, the court determines that no genuine issue of material fact exists with respect to Plaintiff's ERISA benefits claim; Plaintiff has failed to exhaust his administrative remedies. EMSI is therefore entitled to judgment as a matter of law, and the court accordingly **grants** Defendant Examination Management Services, Inc.'s Motion for Summary Judgment. Plaintiff's claim for ERISA benefits is **dismissed without prejudice**.[2]

The court also **denies as moot** Plaintiff's Motion for Leave to File Second Amended Complaint because the proposed amended complaint is deficient in its current form. Plaintiff is **instructed** to file a new second amended complaint within **fifteen days** of the date of this order to cure the noted deficiencies relating to the allegations of his ERISA-estoppel claim and to eliminate his prior claim for ERISA benefits.

---

[2]Although the court would normally dismiss a claim it considered on summary judgment with prejudice, here the record reflects that Plaintiff failed to exhaust his administrative remedies under the plan. Accordingly, the court determines that Plaintiff's claim for ERISA benefits should be remanded to the plan administrator for any further, necessary administrative review and that dismissal without prejudice is appropriate. *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1780-80 (5th Cir. 1990).

**Memorandum Opinion and Order – Page 11**

**It is so ordered** this 29th day of April, 2010.

Sam A. Lindsay
United States District Judge