IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTHONY F. BELMONTE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-0552-L** |
| | § | |
| **EXAMINATION MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Examination Management Services, Inc.'s Motion to Dismiss Second Amended Complaint, filed June 4, 2010. After reviewing the motion, response, reply and applicable law, the court **grants** Defendant Examination Management Services, Inc.'s Motion to Dismiss Second Amended Complaint.

**I.    Factual and Procedural Background**

This action was originally filed by Plaintiff Anthony F. Belmonte ("Belmonte" or "Plaintiff") against Defendant Examination Management Services, Inc. ("EMSI" or "Defendant") in the United States District Court for the Northern District of Illinois, Eastern Division, on May 31, 2005. Belmonte filed his First Amended Complaint on April 18, 2006, to allege additional facts and clarify his claim for ERISA benefits. The Illinois federal district court transferred the case to this court on February 26, 2007, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice. Between January 7, 2009, and June 22, 2009, the case was administratively closed so that the parties could complete an administrative review of Plaintiff's file. On April 29, 2010, this court granted summary judgment in favor of EMSI on Belmonte's ERISA benefits claim, but it

**Memorandum Opinion and Order - Page 1**

afforded Belmonte an opportunity to amend his complaint to cure deficiencies and add a claim for ERISA estoppel. Belmonte filed his Second Amended Complaint ("Complaint") on May 14, 2010.

The Complaint sets forth a single claim for ERISA estoppel and alleges the facts as follows. Belmonte was an employee of EMSI from February 1986 to November 1997 when he retired. Beginning in 1991, EMSI provided a retirement plan, the EMSI Employee Plan, for its officers offering $1,000 per month for 15 years after retirement. In 1990, Belmonte was told by EMSI's president and sole owner, John Utley ("Utley"), that he would not be included in this plan because his advanced age and poor health would increase the cost of the plan but would nevertheless receive the same retirement benefits. He received similar promises from Utley again in the year before his retirement, this time with assurances that Utley "might even put it in writing," to which Belmonte responded, "that would be nice." Second Am. Compl. 3 ¶ 7.

After retirement, Belmonte applied for and received retirement benefits under a Top Hat plan from EMSI that lasted for five years, beginning in August 1998 and ending in August 2003. Belmonte's Complaint seeks to have EMSI estopped from denying him the additional ten years of benefits that Utley had represented he would receive. EMSI moved to dismiss the Complaint on June 4, 2010, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. EMSI contends that Belmonte has failed to allege facts sufficient to establish that his reliance upon Utley's representations was reasonable and that his case presents extraordinary circumstances.

## II. Legal Standard for EMSI's Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

**Memorandum Opinion and Order - Page 2**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to

[the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis of EMSI's Motion to Dismiss

#### A. Standard for ERISA Estoppel

ERISA estoppel is now a cognizable claim in the Fifth Circuit. "To establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005). The Fifth Circuit has not yet explained what constitutes extraordinary circumstances. The court therefore looks to other circuits for guidance. The Third Circuit has held that "generally extraordinary circumstances involve acts of bad faith on the part of the employer, attempts to actively conceal a significant change in the plan, or commission of fraud." *Burstein v. Retirement Account Plan for Emps. of Allegheny Health Educ. & Research*

*Found.*, 334 F.3d 365, 383 (3d Cir. 2003) (citations omitted). The Third Circuit has also suggested that extraordinary circumstances may exist where a plaintiff repeatedly and diligently inquired about benefits and was repeatedly misled. *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1553 (3d Cir.1996) (citing *Smith v. Hartford Ins. Grp.*, 6 F.3d 131, 142 (3d Cir. 1993)). It has also suggested that extraordinary circumstances could exist where misrepresentations were made to an especially vulnerable plaintiff. *Id.* (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 238 (3d Cir. 1994). Given the lack of precedent in the Fifth Circuit on the issue of extraordinary circumstances, the court finds these authorities, primarily *Burstein*, illustrative and persuasive. Additionally, at least two district courts in this circuit have relied on *Burstein* to illustrate extraordinary circumstances. *See, e.g.*, *Sullivan v. AT&T, Inc.*, No. 3:08-CV-1089, 2010 U.S. Dist. LEXIS 24065, at *17 n.50 (N.D. Tex. 2010); *Evans v. Sterling Chems., Inc.*, No. 4:07-CV-625, 2010 U.S. Dist. LEXIS 65681, at *82 (S.D. Tex. 2010).

### B. Belmonte Has Sufficiently Pleaded Reasonable Reliance

EMSI first argues that Belmonte has failed to state the necessary facts to show that he acted in reliance on Utley's misrepresentations. Belmonte responds that staying in his job was an act of reliance. EMSI next argues that Belmonte has failed to allege sufficient facts to prove that such reliance on the misrepresentations was reasonable. It points out that the representations took place on only two occasions, that Belmonte was a sophisticated vice president who should not have relied on casual representations, and that he could not reasonably have relied on the statements after he expressed a desire to see them in writing and no writing materialized. Belmonte responds that the Complaint contains sufficient facts because Utley had actual authority to make retirement decisions, which was evidenced both by his position and by Belmonte having received actual benefits for five

years after retirement. In its reply, EMSI counters this argument by alleging that the Complaint fails to allege facts sufficient to show that Utley had actual or apparent authority over retirement benefits plans, and that Belmonte's reliance therefore could not have been reasonable.

The Complaint states sufficient facts to show that there was reliance. There is a rational expectation that individuals will make decisions to stay in or leave a position in part based on expected retirement benefits. For this reason, staying in a position because benefits are expected can be reliance. *Smith v. Hartford Ins. Grp.*, 6 F.3d 131, 137 (3d Cir. 1993).[*] Belmonte is mistaken, however, in believing that the benefits he received after retirement are evidence of the reasonableness of his reliance. The court cannot infer that, because Belmonte ultimately received five years of benefits, it was reasonable for him to expect those benefits before they were actually received.

EMSI's argument that the reliance was not reasonable because of the agency relationship, however, is also flawed. Defendant argues that Belmonte has failed to establish an agency relationship because he did not demonstrate "written or spoken words or conduct, by the principal, communicated either to the agent (actual authority) or to the third party (apparent authority)." *Insurance Co. of N. Am. v. Morris*, 981 S.W. 2d 667, 672 (Tex. 1998) (citations omitted). The Complaint nevertheless establishes that Utley had actual authority due to his position as sole owner and president. It further shows that it was Utley who gave Belmonte information about the retirement plan and, during his first discussion with Belmonte, he had intimate knowledge of the financing of the EMSI Employee Plan. For example, he named Belmonte and Russ Davidson in particular as individuals who would cost more to his company than the other officers. Second Am. Compl. 2 ¶

---

[*] The court could find no authority from the Fifth Circuit addressing this issue, however it finds the reasoning in *Smith* persuasive and illustrative.

5. Assuming this conversation took place as Belmonte states, it would not have been unreasonable for Belmonte to infer Utley's apparent authority over retirement benefits.

In the ordinary case of ERISA estoppel, the question is whether reliance on written or oral statements is reasonable given the contradictory terms of the plan. *See, e.g.*, *Bratton v. Schlumberger Tech. Corp. Pension Plan*, 299 F. App'x 375, 377 (5th Cir. 2008); *High v. E-Systems, Inc.*, 459 F.3d 573, 580 (5th Cir. 2006). The situation here is unusual because the Top Hat plan has no written document that can be contradicted. Although Belmonte and Utley spoke only twice about his retirement benefits, the lack of a written document to put Belmonte on notice that the plan was different than his expectations makes it more plausible that he would rely on oral representations. EMSI calls attention to Belmonte's position as a corporate vice president and questions whether it is plausible that such a sophisticated person would believe such a casual assertion after having expressed a desire to see it in writing, a desire that was never fulfilled. This, however, goes to the credibility of Belmonte and is not appropriate to resolve within the context of a motion to dismiss for failure to state a claim. On balance, Belmonte's statement of facts alleging reasonable reliance is sufficiently plausible to satisfy the *Twombly* standard.

### C. Belmonte Has Not Sufficiently Pleaded Extraordinary Circumstances

The second question before the court is whether Belmonte has sufficiently pleaded extraordinary circumstances. EMSI argues that Belmonte has failed to state a claim because it does not allege any egregious circumstances amounting to bad faith, active concealment, or fraud that would meet the standard in *Burstein*. Belmonte responds by arguing that more recent precedent in the Third Circuit shows that the facts he alleges amount to extraordinary circumstances because they involve a significant amount of money and representations that occurred over a long period of time.

Pl.'s Resp. 5-6 (citing *Pell v. E.I. DuPont De Nemours & Co. Inc.,* 539 F.3d 292, 304 (3d Cir. 2008)). EMSI counters in its reply that Belmonte misconstrues the Third Circuit authority from *Pell*.

Belmonte alleges four facts that he believes demonstrate extraordinary circumstances:

> (1) the representation of $1,000 per month for 15 years came from EMSI's president and sole owner, Mr. Utley; (2) no summary plan description or plan documents were ever provided to Belmonte or ever existed; (3) Belmonte received nothing in writing and no oral communication that would indicate that the representations made by Mr. Utley were false; and (4) EMSI initially denied the very existence of the EMSI Belmonte Plan, and continued to do so until after Belmonte filed this lawsuit . . . .

Second Am. Compl. 5-6 ¶ 20. The first allegation, the amount of the claim, is by itself unextraordinary. There is no precedent for the proposition that the amount of the claim establishes an extraordinary circumstance; the amount goes only to the materiality of the misrepresentation, which is a separate element of the claim. The second and third allegations are relevant to the reasonableness of the reliance because they establish that Belmonte was not given conflicting information that would either supersede his belief or which would put him on notice that he ought to inquire more diligently into the terms of the plan. They are not relevant, however, to the question of extraordinary circumstances. EMSI argues, and the court agrees, that because the Northern District of Illinois has already found that Belmonte's was a Top Hat plan, no written notice was required. It is not extraordinary that EMSI has not given Belmonte a plan summary or other documentation that would put him on notice when none was required.

The fourth allegation, EMSI's denial that the plan existed, presents a closer question. It is unusual that the existence of a plan would be denied after benefits had already been paid out for five years. The court does not find, however, that this fact alone is sufficient to plead fraud, bad faith, or an attempt to actively conceal changes in the plan. There has been extensive discussion between the

parties regarding *Khan v. American Int'l Grp., Inc.*, 654 F. Supp. 2d 617, 629-30 (S.D. Tex. 2009). In *Khan*, the plaintiff did not argue that his case was one in which extraordinary circumstances are present. As *Khan* has no applicability to the issue of extraordinary circumstances, the parties reliance on *Khan* is misplaced and the court will disregard any references to *Khan*.

Belmonte argues that recent authority from the Third Circuit, *Pell v. E.I. DuPont De Nemours & Co. Inc.,* 539 F.3d 292, 304 (3d Cir. 2008), supports his position that extraordinary circumstances exist. He argues that *Pell* establishes that extraordinary circumstances exist where the "misstatements from [the defendant] had been repeated over a long period of time and dealt with an important matter involving a significant amount of money . . . ." Belmonte misreads *Pell*'s holding. In *Pell*, the plaintiff repeatedly and diligently inquired into his benefits and the defendant made repeated misrepresentations. Belmonte has not alleged that he made such diligent and repeated inquiries. He also does not plead that he was an especially vulnerable plaintiff.

Ultimately, the denial that the plan existed is a material misrepresentation, but it does not amount to extraordinary circumstances. The four allegations Plaintiff alleges together amount only to material representation and reasonable reliance. "Simply failing to live up to written or oral assurances does not constitute the requisite extraordinary circumstances, and that is all plaintiffs allege here." *Sullivan v. Monsanto Co.*, 615 F. Supp. 2d 469, 473 (E.D. La. 2009). The court accordingly determines that Belmonte's claim for ERISA estoppel fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## IV.     Amendment

The decision to allow amendment is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Plaintiff has not sought leave to amend his

complaint if the court grants EMSI's motion to dismiss. Even if he had, the court would not grant such leave. This court, on April 29, 2010, apprised Belmonte of the legal standard he would have to meet to properly state an ERISA estoppel claim. This was Plaintiff's third opportunity to plead this claim in this lawsuit. In 2005, the *Mello* decision recognized the claim of ERISA estoppel in this circuit, and this case was transferred to this district in March 2007.

Three bites at the apple is adequate opportunity to plead a sustainable cause of action. Among the reasons that a court may deny leave to amend are undue delay, failure to cure deficiencies by prior amendment, and futility of amendment. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). This case has been going on in some capacity for over three years, and allowing Belmonte to amend now would cause undue delay. Further, Belmonte has failed to cure deficiencies identified by the court in its April 29, 2010 memorandum opinion and order. The court will therefore not allow Belmonte to amend again.

## V. Conclusion

For the reasons stated herein, the court **grants** Defendant Examination Management Services, Inc.'s Motion to Dismiss. Belmonte's claim for ERISA estoppel is **dismissed with prejudice**. A judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of July, 2010.

Sam A. Lindsay
United States District Judge